**Maurice A. RAPOPORT and Constructora Republica, S. A., Plaintiffs-Appellants.**

v.

**BANCO MEXICANO SOMEX, S. A., Defendant-Appellee.**

No. 362, Docket 81–7420.

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1981.

Decided Jan. 11, 1982.

Solomon Rosengarten, New York City, for plaintiffs-appellants.

John F. Pritchard, Winthrop, Stimson, Putnam & Roberts, New York City (Leo T. Crowley, New York City, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and CONNER,* District Judge.

PER CURIAM:

This is an appeal from an order dated May 7, 1981 by the United States District Court for the Eastern District of New York, Thomas C. Platt, Judge, dismissing appellant's complaint for failure to join indispensable parties, and from a permanent injunction—entered in open court on May 29, 1982 and restated in a written order dated August 21, 1981 denying a motion to vacate it—restraining appellant from picketing appellee's New York office or otherwise publishing any statements accusing appellee of wrongdoing in connection with appellant's bank deposits. We affirm the order of dismissal and vacate the injunction.

Appellant Maurice A. Rapoport seeks the return of deposits he made—on behalf either of himself or his corporation, Constructura Republica—in the Mexico City office of appellee Banco Mexicano. In 1978 Banco Mexicano began receiving conflicting claims to the funds in both the personal and the company accounts. Claimants included Rapoport's ex-wife, who had previously made withdrawals from the Constructora account, and for whose support the 4th Family Court of Mexico City directed the bank to withhold from Rapoport's personal account 20,-000 pesos alimony per month; Rapoport's daughter, named as co-depositor to Rapoport's personal account; Herrera and Bar-

* Of the Southern District of New York, sitting by designation.

ragan, two holders of promissory notes executed by Rapoport for the full value of his personal account, who in turn executed notes in Rapoport's favor for that amount less 10%, and who obtained from the 40th Civil Court of the Federal District of Mexico an order directing the bank to pay them; and Maria Erbe, an assignee of Herrera's and Barragan's notes who obtained in the 30th Civil Court of Mexico City an attachment of nearly three million pesos from Rapoport's personal account as security for her eventually successful action against Rapoport.

In the face of these conflicting claims, Banco Mexicano instituted two *de consignacion* actions (similar to interpleader actions), one in the 7th Civil Court of the Federal District of Mexico (where it deposited all funds from the Constructura account) and one in the 28th Civil Court (where it deposited all funds from the personal account). Of the claimants, all but Rapoport's daughter are Mexican citizens living in Mexico. Rapoport, having been jailed in Mexico and then deported in March 1980 for violating Mexican immigration laws, apparently faces up to ten years in prison if he goes back to Mexico.

Rapoport brought an action against Banco Mexicano in May 1980 in the New York Supreme Court, Ulster County. The action was removed to the United States District Court for the Northern District of New York, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602–11, whereupon it was transferred to the Eastern District.

■ We find no reason to overturn Judge Platt's decision to dismiss Rapoport's action under Fed.R.Civ.P. 12(b)(7) for failure to join indispensable parties—the various other claimants to the funds—as required by Fed.R.Civ.P. 19. Each of these claimants must be joined as parties if feasible because each "claims an interest relating to the subject of the action," Fed.R.Civ.P. 19(a)(2), and disposition of the action in their ab-

sence may leave Banco Mexicano "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [their] claimed interest[s]," Fed.R.Civ.P. 19(a)(2)(ii).

None of these claimants is subject to *in personam* jurisdiction in the Eastern District. Thus the court was obliged under Fed.R.Civ.P. 19(b) to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Judge Platt found that Rapoport's interest in maintaining the action was outweighed by the factors favoring dismissal: (1) the absent claimants could be prejudiced by a judgment rendered in their absence, and the bank could be prejudiced by incurring multiple liability if the Mexican courts did not recognize the United States judgment; (2) the court could not protect the rights of the Mexican non-parties; (3) the court's judgment would not be adequate without accurate factfinding, which would require witnesses, documentary evidence, and court transcripts all located in Mexico; and (4) Rapoport would have an adequate remedy in the Mexican *de consignacion* actions, where the rights of all parties could be protected.[1] In light of these factors, Judge Platt's decision to dismiss under Fed.R.Civ.P. 12(b)(7) was clearly not an abuse of discretion. We accordingly affirm his order of May 7, 1981.

■ The injunction that Judge Platt granted later that month, however, must be vacated. After dismissal of his complaint, Rapoport picketed the New York office of Banco Mexicano, carrying a sign that read:

Banco Mexicano Somex
is a Crooked Mexican Bank
*Which Will Not Pay Back*
*My Deposits*
Don't Do Business With Them
They Will
—CHEAT YOU—
*Out of Yours*
*Ask for Details!*

---

**1.** Rapoport has not shown that he must appear personally (risking imprisonment) in the *de consignacion* proceedings, nor that he could not introduce written submissions through Mexican counsel.

Upon the bank's order to show cause, the court orally enjoined Rapoport and anyone acting on his behalf "from publishing any further statements, whether orally or in written form, accusing the defendant Banco Mexicano ... or its agents, servants or employees, of criminal or other wrongful activities in connection with its handling of the deposits of the plaintiffs and from further picketing at the offices of Banco Mexicano...."

This injunction was issued after the court had dismissed the complaint for nonjoinder of necessary parties. Thus the court was without jurisdiction over Rapoport's action, and appellee's filing of an order to show cause was insufficient to initiate a new action on the bank's own behalf. *See* Fed.R.Civ.P. 3. The injunction, moreover, failed to set forth reasons for its issuance and rested on no express findings of fact. *See Clarkson Co. v. Shaheen*, 544 F.2d 624, 632–33 (2d Cir. 1976); Fed.R.Civ.P. 52(a), 65(d).

Order of dismissal affirmed; injunction vacated; costs to neither party.