**Maurice A. RAPOPORT, Plaintiff,**

v.

**BANCO MEXICANO SOMEX, S.A., Nacional Financiera, S.A., and United Mexican States, Defendants.**

No. 87 Civ. 6557 (CSH).

United States District Court,
S.D. New York.

Nov. 28, 1988.

On Motion for Reconsideration
March 20, 1989.

Maurice A. Rapoport, pro se.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Banco Mexi-cano Somex, S.N.C.; John Pritchard, of counsel.

Wachtell, Manheim & Grouf, New York City, for defendant Nacional Financiera, S.N.C.; Franz S. Leichter, Andrew M. Man-shel, of counsel.

United Mexican States, pro se by Alfonso De Rosenzweig Diaz, Undersecretary of Foreign Affairs.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

In my Memorandum Opinion and Order of February 9, 1988 I described, in brief, the nature of certain motions pending in this case and ordered that additional papers relevant to the motions be submitted to the Court. [available on WESTLAW, 1988 WL 13782] Those submissions have now been made and this Opinion will resolve all pending matters.

### BACKGROUND

I presume familiarity with this Court's decision of February 9, 1988 and the multitude of decisions issued by other courts relative to the dispute between these parties, copies of which are annexed to the Notice of Motion to Dismiss filed by defendant Banco Mexicano Somex, S.N.C. ("Somex") (sued herein as Banco Mexicano Somex, S.A.). *See Rapoport v. Banco Mexicano Somex, S.A.*, No. 80 Civ. 3465 (E.D. N.Y. May 7, 1981) (Platt, J.) (Exhibit 3), *aff'd*, 668 F.2d 667 (2d Cir.1982) (per curiam) (Exhibit 4); *Banco Mexicano Somex, S.A. v. Rapoport*, No. 82 Civ. 980 (S.D.N.Y. June 23, 1982) (Brieant, J.) (Exhibit 8), *aff'd mem.*, 729 F.2d 1442 (2d Cir.1983) (Exhibit 10); *Constructora Republica, S.A. v. Banco Mexicano Somex, S.A.*, No. 82 Civ. 7200 (S.D.N.Y. February 2 and May 17, 1983) (Weinfeld, J.) (Exhibits 13 and 15), *appeal dismissed*, No. 83–7600 (2d Cir. August 31, 1983) (Exhibit 17); *Rapoport, et al. v. Republic of Mexico, et al.*, 619 F.Supp. 1476 (D.D.C.1985) (Penn, J.) (Exhibit 19), *aff'd*, No. 85–6195 (D.C. Cir. May 22, 1986) (per curiam) (Exhibit 20); *Rapoport, et al. v. Republic of Mexico, et al.*, No. 84 Civ. 2054 (D.D.C. November 26 and November 27, 1985) (Penn, J.) (Exhibits 23 and 24).

The prior decisions cited above describe the tangled web of events that gave rise to the current litigation, and I will not recount them at length. In brief, however, this litigation involves the claim of the plaintiff, Maurice Rapoport, to funds originally deposited with defendant Banco Mexicano So-

mex. When various parties in Mexico asserted competing claims to those funds, the money was transferred by Somex to defendant Nacional Financiera, S.N.C. (sued herein as Nacional Financiera, S.A.), a depository bank of the Mexican government that acts as stakeholder in *de consignacion* actions, a proceeding similar to an interpleader action in this Court. This brief account, borrowed from one of the prior decisions, is a useful summary of the most important facts in the case:

Appellant Maurice A. Rapoport seeks the return of deposits he made—on behalf either of himself or his corporation, Constructora Republica—in the Mexico City office of appellee Banco Mexicano. In 1978 Banco Mexicano began receiving conflicting claims to the funds in both the personal and the company accounts. Claimants included Rapoport's ex-wife, who had previously made withdrawals from the Constructora account, and for whose support the 4th Family Court of Mexico City directed the bank to withhold from Rapoport's personal account 20,000 pesos alimony per month; Rapoport's daughter, named as co-depositor to Rapoport's personal account; Herrera and Barragan, two holders of promissory notes executed by Rapoport for the full value of his personal account, who in turn executed notes in Rapoport's favor for that amount less 10%, and who obtained from the 40th Civil Court of the Federal District of Mexico an order directing the bank to pay them; and Maria Erbe, an assignee of Herrera's and Barragan's notes who obtained in the 30th Civil Court of Mexico City an attachment of nearly three million pesos from Rapoport's personal account as security for her eventually successful action against Rapoport.

In the face of these conflicting claims, Banco Mexicano instituted two *de consignacion* actions (similar to interpleader actions), one in the 7th Civil Court of the Federal District of Mexico (where it deposited funds from the Constructora account) and one in the 28th Civil Court (where it deposited all funds from the personal account). Of the claimants, all but Rapoport's daughter are Mexican citizens living in Mexico. Rapoport, having been jailed in Mexico and then deported in March 1980 for violating Mexican immigration laws, apparently faces up to ten years in prison if he goes back to Mexico.

*Rapoport v. Banco Mexicano Somex, S.A.,* 668 F.2d 667, 668–69 (2d Cir.1982).

The complexity of the facts in this case pales in comparison to the long history of the litigation itself. That history was summarized by Judge Penn of the District Court of the District of Columbia as follows:

Rapoport is no stranger to the United States courts. He first filed an action against Somex in the Supreme Court of the State of New York, Ulster County, in May 1980, alleging claims for breach of contract and loss of income. Somex removed the action to the United States Court for the Northern District of New York. After dismissing Manufacturers Hanover as a defendant, Judge McCurn transferred the action to the Eastern District of New York. *Rapoport v. Banco Mexicano Somex, S.A.,* No. 80 Civ. 3465 (TCP) (E.D.N.Y.). In view of the absence of indispensable parties, namely, the other Mexican claimants to the disputed funds, defendant Somex moved to dismiss. Judge Platt granted the motion on May 7, 1981. Rapoport appealed the dismissal, and the Second Circuit affirmed. *Rapoport v. Banco Mexicano Somex,* 668 F.2d 667 (2d Cir.1982).

First, Mrs. Rapoport, Ms. Diane Rapoport, Mr. Herrera, Mr. Barragan, and Mrs. Erbe all should be joined as parties. Under Rule 19(a)(2), all claim an interest relating to the subject of this action, and all may be impeded in their ability to protect their interest should this action go forward. Furthermore, the Bank [Somex] would be subjected to substantial risk of incurring multiple liability by reason of the claims of the absentees. Second, at least four of those persons are Mexican citizens and are beyond the jurisdiction of this Court.

*Rapoport v. Banco Mexicano Somex, S.A.,* 80 Civ. 3465, slip op. at 5–6 (E.D. N.Y. May 7, 1981). Judge Platt noted that a United States court could not adequately protect the interests of the absent Mexican parties; "in equity and good conscience," therefore, the action could not proceed without them. *Rapoport,* slip op. at 6.

Thereafter, Rapoport commenced picketing at Somex's New York Office, wielding a sign denouncing Somex as a "crooked Mexican Bank." In an attempt to enjoin the picketing, Somex commenced an action before the Supreme Court of the State of New York, New

York County. Rapoport had the action removed to the Southern District of New York and filed an answer and cross-complaint, reasserting the breach of contract claims, adding allegations of fraud and false imprisonment, and adding Nafinsa [Nacional Financiera] as a party-defendant.

Among the papers filed during the course of the action, was an affidavit setting forth Rapoport's theory of a conspiracy involving Judge Platt's law clerk and other court personnel. Rapoport argued that the addition of the tort and conspiracy claim distinguished the Southern District suit from the action decided by Judge Platt, allowing him to escape the bar of *res judicata.* However, Judge Brieant disagreed and dismissed Rapoport's cross-claims on June 23, 1982. *Banco Mexicano Somex, S.A. v. Rapoport,* 82 Civ. 0980–CLB (S.D.N.Y. June 23, 1982). It should be noted that the claims against Nafinsa were dismissed for lack of jurisdiction, as the court found that Nafinsa did nothing in the United States with respect to the subject matter of the action. As to Somex, the court adopted Judge Platt's earlier ruling that Rapoport's claims could not be fairly adjudicated without the presence of the Mexican claimants to the contested pesos accounts. Rapoport appealed Judge Brieant's dismissal and the Second Circuit affirmed in an unpublished opinion dated March 7, 1983. *Banco Mexicano Somex, S.A. v. Rapoport,* 729 F.2d 1442 (2d Cir. 1983).

While the appeal from Judge Brieant's decision was still pending, Rapoport filed two additional actions against Somex. The first action, filed in the Civil Court of the City of New York, County of New York, Small Claims Court, was dismissed for lack of jurisdiction by order dated September 13, 1982. *Rapoport v. Banco Mexicano Somex, S.A.,* Index No. 8525/82 (N.Y.Civ.Ct., Sept. 13, 1982). The second action against Somex, which Rapoport filed in the Supreme Court of the State of New York, New York County, was removed by Somex to the Southern District of New York, and assigned to Judge Weinfield [sic]. Judge Weinfield dismissed the action, February 2, 1983, on the basis of *res judicata. Constructora Republica, S.A. v. Banco Mexicano Somex, S.A.,* 82 Civ. 7200 (S.D.N.Y. Feb. 2, 1983). However, after the dismissal, Rapoport continued to file frivolous motions and other papers.

Judge Weinfield again addressed the action on May 17, 1983:

Plaintiff is advised that continued abuse of the process of the court by filing repeated and frivolous motions may bring into play the Court's power to enjoin such filings, to strike redundant and scandalous matter and to impose sanctions.

Order, *Constructora Republica, S.A. v. Banco Mexicano Somex, S.A.,* 82 Civil 7200 (S.D.N.Y. May 17, 1983). (Eg. Notice of Motion for a Mistrial proposing another conspiracy theory, this one between Judge Weinfield's law clerk and opposing counsel.)

An appeal was dismissed for want of prosecution. Rapoport then turned his attention to the District of Columbia, filing the present action in July 1984. The claims are the same as those present in the prior New York actions, with the exception of the securities and 18 U.S.C. § 371 claims. The present action constitutes the fifth action against Somex.

*Rapoport, et al. v. Republic of Mexico, et al.,* 619 F.Supp. 1476, 1479–80 (D.D.C. 1985).

Judge Penn went on in his opinion to dismiss Rapoport's claims based on statute of limitations and res judicata grounds (citing Judge Platt's and Judge Brieant's prior opinions). His decision was summarily affirmed by the United States Court of Appeals for the District of Columbia Circuit. *Rapoport, et al. v. Republic of Mexico, et al.,* No. 84–2045 (D.C. Cir. May 22, 1986).

In a subsequent opinion, Judge Penn considered the defendants' motion to recover their attorneys' fees and expenses and for sanctions against Rapoport. After finding that Rapoport had "[t]hroughout the litigation, ... employed improper and abusive techniques including tampering with an affidavit filed with the Court, subpoenaing a New York bank official to appear at a 'court hearing' which this Court had never scheduled, making baseless allegations of conspiracy, bribery, and bias on behalf of the defendants, the Court, and court personnel, and the filing of frivolous motions," Judge Penn ordered Rapoport to pay $100 to each of the thirty-two individual defendants who filed motions to dismiss in the case and $600 to defendants Banco Mexicano Somex, Nacional Financiera and Republic of Mexico. *Rapoport, et al. v. Republic of Mexico, et al.,* No. 84–2054, (D.D.C. Nov. 26, 1985). Defendants in this action claim they never received the money awarded

them by Judge Penn, a claim plaintiff does not contest.

Plaintiff's complaint in this action was originally filed in the Civil Court of New York, County of New York, and removed here by defendant Somex. By its terms it was a "transitory action in tort and for breach of contract" that concerned essentially the same facts and claims asserted before other courts. Plaintiff amended his complaint December 18, 1987. The amended complaint restates in greater detail allegations levied against defendants Somex and Nacional Financiera in the original complaint, and also adds as a party defendant the United Mexican States (the government of Mexico), who plaintiff claims is a guarantor of the obligations of Nacional Financiera.

All defendants have now moved to dismiss the present action or for summary judgment, and for an order enjoining plaintiff from engaging in repetitive litigation as well as for sanctions and for costs. Plaintiff has cross-moved for summary judgment.

## DISCUSSION

### Motions to Dismiss

Defendants moved to dismiss on various grounds including the doctrine of res judicata and collateral estoppel based on previous adjudications in American and Mexican courts; sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–11; non-justiciability under the Act of State doctrine; failure to join indispensable parties; the New York statute of limitations; and the doctrine of *forum non conveniens*. Defendants' motions are fully submitted.

In my decision of February 9, 1988 I quoted Judge Platt's opinion of May 7, 1981, wherein pursuant to F.R.Civ.P. 19 Judge Platt dismissed Rapoport's claims against defendant Somex for failure to join indispensable parties. In his opinion Judge Platt noted:

> Mr. Rapoport's contentions that none of the other claims to the funds is valid argues not, as he would have it, in favor of maintaining the action here, but against it. Clearly all issues in this case will turn on the establishment of facts. Yet all the players in this drama are in Mexico, all the witnesses are there, and all the documentary evidence and court transcripts are there and are, to boot, in Spanish. Therefore, no reasonably accurate determination of the situation could

be made in this court, and no finality could be accorded to the proceedings.

Of course, nothing herein will preclude Mr. Rapoport, if ever armed with final judgments, to enforce those judgments here under principles of comity. We seem, however, far from that stage at this point.

*Rapoport v. Banco Mexicano Somex, S.A.,* No. 80 Civ. 3465, slip op. at 7 (E.D.N.Y. May 7, 1981).

 Judge Platt's finding that the other Mexican claimants are indispensable parties in any action seeking to establish ownership of the subject funds has been affirmed by the Court of Appeals of this circuit and is binding upon me since no change in circumstances has been demonstrated. Judge Platt's finding must therefore be given *res judicata* effect in this action, just as Judge Penn afforded it such effect in the case before him. *See Rapoport, et al. v. Republic of Mexico, et al.,* 619 F.Supp. at 1480–81. Moreover, even though defendant Somex was the only defendant in the case decided by Judge Platt, I agree with Judge Penn that the absence of indispensable parties justifies dismissal of plaintiff's action against all defendants, since adjudication in this Court as to any defendant would necessarily risk prejudicing the absent Mexican claimants. *Id.*

 Although those above are sufficient, there are other grounds for dismissing the instant action. Dismissal as to Nacional Financiera is justified because collateral estoppel effect must be given to Judge Brieant's finding in *Banco Mexicano Somex, S.A. v. Rapoport,* No. 82 Civ. 980–CLB, slip op. at 3–4 (June 23, 1982), that this Court lacks *in personam* jurisdiction over Nacional Financiera, since it undertakes no commercial acts in the United States and did nothing in the United States with respect to the subject matter of the present dispute. That was Judge Penn's conclusion in *Rapoport v. Republic of Mexico, et al.,* 619 F.Supp. at 1481, and it is mine as well. In addition, dismissal of claims against the United Mexican States is justified entirely apart from res judicata grounds. Nacional Financiera has a plain interest in the result of Rapoport's claim against the United Mexican States, an alleged guarantor of obligations of Nacional Financiera, and is thus a necessary party pursuant to F.R.Civ.P. 19(a). Because Nacional Financiera cannot be made a party to the current suit, the action must be dismissed for failure to join an indispensable

party, a party other than one of the claimants to the Mexican accounts.

Although there is no need to reach them specifically, I believe other grounds cited in defendants' briefs also justify dismissal of plaintiff's complaint.[1]

*Motion for an Injunction*

Having determined that plaintiff's action must be dismissed as to all defendants, I turn now to defendants' motion for an injunction barring further litigation and for sanctions.

■ There is no doubt that this court has ample authority under its general equity jurisdiction and the All Writs Statute, 28 U.S.C. § 1651(a), to enjoin repetitious litigation so as to protect defendants against vexation and unnecessary expense. *See generally* 1B *Moore's Federal Practice* ¶ 0.408(2) (2d ed.1988). Courts in this circuit have often exercised the power to enjoin frivolous litigation. *See, e.g., In Re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986); *In re Hartford Textile Corp.,* 681 F.2d 895 (2d Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *Lacks v. Fahmi, et al.,* 623 F.2d 254 (2d Cir.1980); *Raffe v. Doe,* 619 F.Supp. 891 (S.D.N.Y. 1985). Moreover, this Court has a "constitutional obligation" to enjoin litigious conduct that unfairly burdens other litigants and the court's ability to carry out its own judicial functions. *In Re Martin–Trigona,* 737 F.2d at 1261.

Defendants Somex and Nacional Financiera claim that the present lawsuit is "nothing but a continuation of Rapoport's seven-year old campaign of harassing litigation" against them. They ask this Court to consider the full history of that campaign, which I have done.

The present action is the sixth against defendant Somex, the third against defendant Nacional Financiera and the second against the government of Mexico based on the same Somex accounts. In each, Rapo-

1. In my decision of February 9, 1988 I noted that plaintiff in his cross-motion for summary judgment asked the Court to enforce certain "judgments," which defendant described and which I tentatively observed were probably not final judgments of the Mexican *de consignacion* actions that were commenced to determine ownership of the funds in Mexico. Slip op. at 3. Despite my tentative conclusion, I held there was a genuine issue of fact as to the existence of such final judgments and thus directed defendants to submit affidavits setting forth the current status of the *de consignacion* actions and to attach certified copies if any such judgments existed.

Those affidavits have now been timely filed. (Somex' motion for an extension of time to file its affidavit is hereby granted *nunc pro tunc*). They reveal that the files of many of the proceedings held in the Mexican courts relative to this matter are unavailable, apparently because the earthquake that struck Mexico in 1985 destroyed several courthouses. (Affidavit of Mario Ruiz Moreno at ¶ 2). However, defendants have produced for the Court's consideration a certified translation of an order, dated February 4, 1985, in a case entitled *Constructora Republica, S.A. v. Banco Mexicano Somex, S.N.C. and Maurice Rapoport,* in the Fourth Civil Court of Mexico. That order specifically finds that Rapoport's ex-wife, Teresa Solorzano Rocha, "in her capacity as sole administrator of Constructora Republica, S.A. is entitled to receive the deposits made by Banco Mexicano Somex, S.N.C. with the Seventh Civil Court in connection with agreements concluded between these two legal entities," and orders Rapoport to "recognize that the sums claimed in the suit belong to Constructora Republica, S.A." This order of

the Mexican court would appear to be inconsistent with Rapoport's claimed status as a judgment creditor, at least as to the funds deposited in the name of the company Constructora Republica.

The existence of any judgment favorable to Rapoport is also made less likely by the affidavit of Antonio Parado–Nunez, the general counsel of Nacional Financiera, to which are annexed photocopies of deposit slips issued in connection with the *de consignacion* actions. Those deposit slips were issued by the government stakeholder, National Financiera, to the depositor, Somex, at the outset of the *de consignacion* actions and became subject to the control of the Mexican courts. As the *de consignacion* proceedings are concluded, the Mexican courts then award the deposit slips to individuals or entities who may, once the slip is properly endorsed with the seal of the court and the signature of the presiding judge, present them to the stakeholder for payment. (Affidavit of Parado–Nunez at ¶¶ 7–15). The deposit slips attached to Parado–Nunez's affidavit, duly stamped with what has been sworn to be a Mexican court's seal and judge's signature, appear to prove that a large portion of the subject accounts have already been paid out to claimants other than Rapoport, pursuant to orders of the Mexican courts. In fact, according to the affidavit of National Financiera's general counsel, only three deposit slips have yet to be paid out. Those slips have a combined value, according to defendant, of approximately $406.

In sum, plaintiff has given no convincing evidence of any final foreign judgments in his favor and I thus conclude there are no such judgments upon which plaintiff may base his claims.

port has asserted essentially the same claims, claims that in every instance have been rejected by the courts, trial and appellate. Plaintiff has pursued his repetitive litigation despite the warning of Judge Weinfeld, who cautioned him that further frivolous filings "may bring into play the Court's power to enjoin such filings, to strike redundant and scandalous matter and to impose sanctions." Plaintiff has now even chosen to ignore the action of Judge Penn, who made good on Judge Weinfeld's warning and imposed monetary sanctions upon Rapoport.

In this situation, where warnings and monetary sanctions have failed to stem the flow of plaintiff's litigations, I have no alternative but to grant defendants' request for injunctive relief. Not to do so would unfairly expose these defendants to further expense and other courts to the wasteful dissipation of their already scarce resources at the expense of parties to other lawsuits.

It is therefore

ORDERED, that Maurice A. Rapoport and anyone acting in his behalf are hereby permanently enjoined from filing or serving any papers commencing further litigation against Banco Mexicano Somex, S.N.C., Nacional Financiera, S.N.C., the United Mexican States or any of their employees, representatives, members, officers, associates or affiliates in any court (state or federal) in the United States on any cause of action arising from or relating to the fact situation in this case without the prior written leave of this Court. It is further

ORDERED, that any papers requesting such leave must be double spaced, neatly typed or printed, no longer than twenty pages in length (exclusive of exhibits), and be clearly headed with the caption: "MOTION FOR LEAVE TO COMMENCE ADDITIONAL PROCEEDINGS PURSUANT TO ORDER OF NOVEMBER 28, 1988." In addition, any such application must include: (1) a copy of this Memorandum Opinion and Order, marked as Exhibit 1;

(2) proof that the sanctions imposed in Judge Penn's order of November 26, 1985 have been paid, as Exhibit 2; and (3) an affidavit attesting to the application's service upon any party plaintiff would name as a defendant, as Exhibit 3. It is further

ORDERED, that all proceedings in this court relating to such an application will be stayed until the motion is decided. Failure to comply with the terms of this order may be sufficient grounds for this Court to deny any motion for leave to commence further proceedings. The Clerk shall accept no papers which do not comply with this order. Nothing herein shall apply to a motion for rehearing of the present decision by this Court, to any appeal of this order filed with the Court of Appeals, or to any complaint of judicial misconduct filed under 28 U.S.C. § 372(c). No direction is made with respect of payment of attorney fees or monetary sanctions, other than what is specifically provided for by the terms of this order.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint is granted, and plaintiff's motion for summary judgment is denied. Defendants' motion for a permanent injunction is granted as set out above.

The foregoing is SO ORDERED.

### On Motion For Reconsideration

In a document received in Chambers on January 3, 1989, plaintiff moved for reconsideration of my Memorandum Opinion and Order of November 28, 1988, which granted defendants' motion to dismiss, denied plaintiff's motion for summary judgment, and enjoined plaintiff from pursuing further litigation against the above-named defendants. Defendants Banco Mexicano Somex, S.N.C. and Nacional Financiera, S.N.C. have opposed plaintiff's request by filing formal papers in opposition. Plaintiff has replied to defendants' opposition by sending various documents directly to Chambers. There is no indication that those papers were first filed with the court.[1]

---

1. In total, plaintiff has submitted over 150 pages of briefs and exhibits in support of his motion for reargument and in support of approximately six other motions that he sent directly to my Chambers after the November 28, 1988 decision. In order to preserve the record in the case, I am sending to the Clerk a large folder containing these papers with instructions that the folder be docketed and added to the court file. Plaintiff's actual motion for reconsideration will be docketed and filed separately. Since I deny plaintiff's motion for reconsideration, there is no active case presently before me. Under the terms of this Memorandum Opinion and Order, all other motions submitted by plaintiff are denied.

I have considered all plaintiff's submissions and conclude that there is no reason to alter the Memorandum Opinion and Order of November 28, 1988.

Plaintiff raises various objections to my prior opinion. Although I reject each of those arguments, I will address specifically only the two upon which the plaintiff most relies.

First, plaintiff contends that this Court improperly converted a motion for summary judgment—apparently the one filed by defendant Somex—into a motion to dismiss. The record clearly belies any objection plaintiff may have on this ground. All defendants filed motions to dismiss that were clearly delineated as such,[2] and thus no unfair prejudice was worked upon plaintiff when the Court adjudicated those motions.

Second, plaintiff challenges the truth of statements made in the affidavit of Mario Ruiz Moreno concerning plaintiff's claim that he is entitled to relief pursuant to final court judgments entered in his favor in Mexico. I concluded in my prior decision, based in part on information contained in the Ruiz affidavit, that even if I were incorrect, and defendants' motions to dismiss should not have been granted, plaintiff's conclusory claim of a favorable Mexican judgment did not justify summary judgment in his favor or even raise an issue of fact requiring further inquiry. *See* Slip op. at 10 fn. 1. Plaintiff's most recent submissions do not alter my view. Although plaintiff characterizes the Ruiz affidavit as "perjurious, false, misleading, and completly lying," and the exhibits filed with it as "forgeries," he gives no specific, credible evidence to support those serious charges. In particular, even though the obvious way to rebut the Ruiz affidavit would have been for plaintiff to himself produce a copy of the Mexican judgment he seeks to enforce, plaintiff has not done so. And, in any case, plaintiff must be deemed to have waived any objection to the Ruiz affidavit since he did not voice his concerns in the seven months that separated the filing of the affidavit and the Court's opinion of November 28, 1988.

Plaintiff's motion for reconsideration is denied.

It is so ORDERED.

2. *See* Document Nos. 7, 9, and 52 in the official court file.