107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Maurice A. RAPOPORT, Plaintiff-Appellant,
v.
BANCO MEXICANO SOMEX, Defendant-Appellee.
 No. 96-7387.
 United States Court of Appeals, Second Circuit.
 Jan. 10, 1997.
 
 1
 APPEARING FOR APPELLANT: Maurice A. Rapoport, pro se, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Thomas McC. Souther, Brown & Wood, New York, N.Y.
 
 
 3
 Before NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge and SAND,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 6
 Maurice A. Rapoport appeals pro se from the December 28, 1996, order of the District Court denying his motion for relief under Fed.R.Civ.P. 60(b) to seek reconsideration of judgments of the District Court entered in 1982 and 1988. See Rapoport v. Banco Mexicano Somex, S.A., 706 F.Supp. 207 (S.D.N.Y.1988); Banco Mexicano Somex, S.A. v. Rapoport, No. 82 Civ. 0980(CLB) (S.D.N.Y. June 23, 1982). His current challenge to the prior judgments was filed in violation of the District Court's order prohibiting further filings against Somex without obtaining leave of court. Rapoport, 706 F.Supp. at 212. In addition, the motion was properly denied as totally without merit.
 
 
 7
 Rapoport has also been placed under a "leave to file" requirement in this Court. See Rapoport v. Banco Mexican Somex, S.A., No. 89-7507 (2d Cir. Dec. 4, 1995). The pending appeal was permitted only because, through a clerical error, a scheduling order was inadvertently issued, and Rapoport's motion for leave to file was returned to him. Rapoport is cautioned that the leave-to-file requirement remains in effect, both in this Court and the District Court. If he persists in attempting to evade it, he faces the distinct risk of serious sanctions.
 
 
 8
 The motion to add additional parties is denied as frivolous.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation