**Hanna TEITELBAUM, As Executrix of the estate of Joel Teitelbaum, Plaintiff–Appellant,**

v.

**Nathan WAGNER, Sigmund Lefkowitz, Irving Lefkowitz, Jay Felner, Defendants–Appellees.**

No. 03–7455.

United States Court of Appeals, Second Circuit.

May 17, 2004.

Theodore T. Mairanz, Neiman Ginsburg & Mairanz P.C., New York, NY, for Appellant.

William P. Harrington (Kenneth C. Brown, on the brief), Bleakley Platt & Schmidt, LLP, New York, NY, for Appellees.

PRESENT: Hon. JAMES L. OAKES, Hon. RICHARD J. CARDAMONE, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Hanna Teitelbaum, as executrix of the estate of Joel Teitelbaum, appeals from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*). The District Court dismissed her complaint under Federal Rule of Civil Procedure 19 after concluding that PTR Co., as a partner in PTR Company, is a necessary and indispensable party whose joinder would defeat diversity jurisdiction. Familiarity with the facts and procedural history is assumed.

On appeal, Teitelbaum questions the necessity of joining PTR Co. by challenging the Court's predicate determination that PTR Co. is a partner in PTR Company. She claims that the Land Partners never actually assigned their partnership interests to PTR Co. She also contends that, even if the Land Partners assigned their partnership interest to PTR Co., the assignment would be invalid because it failed to comply with the partnership agreement. Finally, she argues that, in any event, PTR Co. is not a necessary party because its interests are adequately represented by the Land Partners.

We review a dismissal for failure to join an indispensable party for abuse of discretion. *See Viacom Int'l Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir.2000); *Rapoport v. Banco Mexicano Somex, S.A.*, 668 F.2d 667, 669 (2d Cir.1982). We find no such abuse here.

█ The Land Partners offered sufficient documentary evidence showing that PTR Co. is a partner. For example, an April 1992 Designation of Authorized Sig-

natory executed by Hanna Teitelbaum on behalf of the estate "acknowledge[s] and confirm[s] the authority of Sigmund Lefkovitz or Arlene Lefkovitz, general partners of *P.T.R. Co., one of the general partners of P.T.R. Company*" to execute certain instruments that would bind PTR Company. In addition, several profit distributions were made to PTR Co. in November 1994, October 1996, August 1997, and June 1998. Nothing in the partnership agreement sets forth the precise manner with which Teitelbaum had to provide consent for the addition or substitution of a partner. Rather, it merely says that the Land Partners may add or substitute another party as partner "provided that Teitelbaum consents to said addition or substitution" and that "consent shall not be unreasonably withheld." * Thus, we cannot say the Court erred in concluding that the 1992 designation, for example, "reflects *de facto* acceptance of that substitution." Because there is adequate support for the District Court's determination, we reject Teitelbaum's argument that the Court erred in concluding that the Land Partners validly assigned their partnership interests to PTR Co.

■ We also reject Teitelbaum's contention that, even if PTR Co. is a partner, it is not a necessary (and, therefore, indispensable) party because its interests are adequately represented by the Land Partners. As Teitelbaum concedes, the four Land Partners are not the only partners that have comprised PTR Co. and, therefore, other interests in PTR Co. exist that are not represented by them.

■ Teitelbaum also contends on appeal that the District Court should not have dismissed her action without permitting

discovery. We disagree. Discovery may have been an option available to the District Court in determining whether PTR Co. was a partner in PTR Company. But we cannot say the Court abused its discretion in rendering a decision without discovery. First, Teitelbaum requested none. In any event, the record, as discussed above, contains sufficient evidence to resolve the question for the purposes of Rule 19. We have reviewed Appellant's other contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.

---

* Although the agreement anticipates that the newly added partners "shall execute written documents" it only does so for those documents "that *may* be required to bind him or them to the terms and conditions of this agreement and to meet any statutory requirements." Therefore, we disagree with Teitelbaum's contention that PTR Co. *necessarily* had to execute documents to substitute itself as a partner in PTR Company.