Wendell GOOD, M.D., William C. Mixson, M.D., Dale C. Smith, M.D., John A. Griffith, M.D., Arthur W. Robinson, M.D., Robert E. Allen, M.D., Leonard A. Wall, M.D., Plaintiffs,

v.

William ROY, M.D., Defendant.

Civ. A. No. 78-2274.

United States District Court, D. Kansas.

Nov. 3, 1978.

---

John C. Eisele, Michael E. Whitsitt, and L. Wesley Nichols, Overland Park, Kan., for plaintiffs.

James L. Eisenbrandt, Soden, Eisenbrandt, Isenhour & Gates, Mission, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is an action to enjoin defendant from making or publishing any statement, through and including November 7, 1978, which indicates or implies that defendant has the endorsement or support of the American Medical Association or the Kan-

sas Medical Society. The matter is presently before the court on plaintiffs' motion for a preliminary injunction and defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim. The motions were heard by the court on November 2, 1978, with counsel for all parties present. At that hearing, plaintiffs were granted leave to amend their complaint to request declaratory relief and also add certain statutes upon which they seek to base jurisdiction.

Plaintiffs allege that during defendant's campaign for the United States Senate, he has made statements which are false and calculated to mislead plaintiffs and other voters with respect to his being endorsed and supported by the above named medical associations and that the making of these statements violates the Seventeenth Amendment and 42 U.S.C. §§ 1971 and 1983. Plaintiffs allege that jurisdictional vehicles for their claims are found in 28 U.S.C. §§ 1343, 1344, 1357, 2201, and 2202.

■ Plaintiffs' reliance for subject matter jurisdiction on the Seventeenth Amendment and 42 U.S.C. §§ 1971 and 1983 is wholly misplaced. The Seventeenth Amendment merely provides for the election of Senators by popular vote. To infer that it implies judicial redress to prevent misrepresentations by candidates is clearly unwarranted. We have found nothing in the history of the amendment or in cases construing it to justify such an inference.

■ Similarly, 42 U.S.C. § 1971 does not furnish a jurisdictional basis for this action. Subsection (a)(1) provides:

"All citizens of the United States who are otherwise qualified by law to vote at any election . . . shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; . . . ."

The purpose of Section 1971 is to prevent racial discrimination at the polls. *See* 1957 U.S.Code Cong. & Admin.News, p. 1966; 1960 U.S.Code Cong. & Admin.News, p. 1925; 1964 U.S.Code Cong. & Admin.News, p. 2355; 1965 U.S.Code Cong. & Admin.News, p. 2437.

Subsection (b) explains the proscribed conduct in the following language:

"No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose . . . ."

There are no allegations in the complaint of intimidation, threats, or coercion.

■ In oral argument, plaintiffs' counsel emphasized that plaintiffs rely upon subsection (c) which provides:

"Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b), the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order."

Plaintiffs somehow read into this subsection the protection sought in this lawsuit; namely, protection against misleading statements by candidates for public office. Such an interpretation is unjustified in light of the explicit reference to subsections (a) and (b). A cardinal rule of statutory construction is that a statute must be read in its entirety, without isolating particular parts thereof. Thus, even without the specific reference, we could not imply the protection requested by plaintiffs.

■ Furthermore, subsection (c) provides for enforcement of the statute by the Attorney General with no mention of enforcement by private persons. Plaintiffs, nevertheless, urge us to imply a private right of action and rely on *Brooks v. Nacrelli,* 331 F.Supp. 1350 (D.Pa.1971), *aff'd* 473 F.2d 955 (3rd Cir. 1973). The statement to that effect in *Brooks* is clearly dictum. The district court there found Section 1971 inapplicable because there had been no allegation

of racial discrimination. In the instant case we believe that the unambiguous language of Section 1971 will not permit us to imply a private right of action.

 Finally, 42 U.S.C. § 1983 is inapplicable, requiring, as it does, action under color of state law. There is no state action allegation here.

The Title 28 statutes cited are to be used when the conditions for jurisdiction are present, that is, with statutes and constitutional provisions conferring substantive rights. Because we have found no statutory or constitutional basis for jurisdiction, we need not examine these statutes.

 Federal courts are, of course, courts of limited jurisdiction dependent upon the Constitution and statutes of the United States. We cannot manufacture rights and remedies out of whole cloth. For the reasons stated above, we find that this court lacks jurisdiction to determine plaintiffs' claim. Accordingly, defendant's motion to dismiss must be sustained.

 Going further, even if jurisdiction is present, the court is of the opinion that plaintiffs have failed to state a claim and that the First Amendment would bar the relief sought. Our discussion above, relating to the Seventeenth Amendment and Section 1971 and Section 1983, is equally applicable to this ground of defendant's motion to dismiss. Clearly not every perceived injury rises to the level of a constitutional claim cognizable in federal court. *See Taylor v. Nichols*, 409 F.Supp. 927 (D.Kan.1976), *aff'd* 558 F.2d 561 (10th Cir. 1977). Even claims relating to the right to vote may be insufficient in magnitude to require judicial intervention. *See Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978).

 Finally, plaintiffs' complaint raises serious First Amendment questions. In *American Communications Ass'n v. Douds*, 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925 (1950), the Supreme Court spoke of the philosophy of Justices Holmes and Brandeis in words particularly appropriate here:

> "[U]nder the First Amendment, the public has a right to every man's views and every man has the right to speak them. Government may cut him off only when his views are no longer merely views but threaten, clearly and imminently to ripen into conduct against which the public has a right to protect itself.
>
> " . . . Speech may be fought with speech. Falsehoods and fallacies must be exposed, not suppressed . . . ." *Id.* at 395–96, 70 S.Ct. at 682–83.

The political system of the United States is dependent upon the virtually unfettered exchange of expressions and opinions. In the context of political campaigns that exchange often takes the form of claims and denials, accusations and counter-accusations, allegations and refutations. Such is the stuff of popular, democratic elections. It is incumbent upon the courts not to interfere with free and vigorous campaign debate. It is the prerogative of the voters, not the courts, to weigh, balance, sift and sort the words and actions of political candidates.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be and hereby is sustained and that plaintiffs' motion for a preliminary injunction be and hereby is denied.