**ANA LEON T., Plaintiff-Appellant,**

v.

**FEDERAL RESERVE BANK OF CHICAGO; Richard Surel; Frank Calloway; and Dorothy Hardy, Defendants-Appellees.**

**No. 85–1982.**

United States Court of Appeals, Sixth Circuit.

May 29, 1987.

Ana Leon T., pro se.

Teri J. Lieberman, William H. Gram, M. Kathleen O'Brien, Yurii Skorin, Thomas G. Fischer, Chicago, Ill., Andrew J. Haliw, III, Sullivan and Leavitt, P.C., Northville, Mich., for defendants-appellees.

Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

PER CURIAM.

Plaintiff Ana Leon T. appeals from the order of the district court granting the defendants' motion to dismiss her complaint for failure to state a claim. Leon challenges the district court's order of dismissal on the grounds that she raised a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Act, Mich.Comp.Laws Ann. § 37.2101 et seq. Leon also claims error in the district court's denial of her request for appointment of counsel. For the reasons which follow, we reverse and remand in part.

## I.

On August 27, 1982, Leon, a woman of Columbian origin, was discharged from her employment with the Federal Reserve Bank of Chicago. She had worked for the Reserve Bank for approximately eight years. Leon subsequently filed charges with the Equal Employment Opportunity Commission (EEOC) in which she alleged that her discharge was wrongful because it was based on her national origin and the fact that she had suffered an on the job injury to her lower back which she claimed resulted in a disability. On April 26, 1983, Leon was informed by the EEOC that it was about to make a determination in her case. On April 29, 1983, the EEOC issued both a determination letter stating that it had dismissed Leon's charge and a notification of the ninety-day period in which Leon had the right to sue. Leon claims that she never received the decision of dismissal or the notice of her right to sue. Nevertheless, on May 3, 1983, Leon purportedly requested reconsideration of her case because the EEOC's determination was "one-sided" and "unfair." Leon allegedly had no further knowledge of the status of her case until January 23, 1985, when she claims that she was informed for the first

time that her case was dismissed on April 29, 1983.

On September 9, 1985, Leon filed the instant action with the district court, naming as defendants the Federal Reserve Bank of Chicago, and three individual members of the Reserve Bank's management and supervision, Richard Surel, Frank Calloway, and Dorothy Hardy. Leon also filed an application to proceed *in forma pauperis*, which was granted on September 9, 1985. Leon further requested counsel and proceeded pro se pending determination of her request.

In her complaint, Leon did not explicitly set forth the legal bases of her claims; she merely stated the factual circumstances of her employment with the Reserve Bank and concluded that she was discharged on false grounds of chronic tardiness and that she was discriminated against. However, in her application to proceed *in forma pauperis*, Leon summarized her action as presenting claims under the federal civil rights statutes, particularly 42 U.S.C. §§ 1981 and 1983, and the Michigan Elliott-Larsen Act, Mich.Comp.Laws Ann. § 37.-2101 *et seq.*

On October 9, 1985, the defendants moved for dismissal of Leon's complaint for failure to state a claim. That same day, Leon filed a motion for default judgment. The district court held a hearing on the motions on November 18, 1985, at which Leon appeared on her own behalf. At the hearing, the court denied Leon's motion for default judgment and granted the defendants' motion to dismiss from the bench. An order to that effect was filed on November 26, 1985. Leon then brought this timely appeal.

## II.

On appeal, Leon argues that she sufficiently stated a claim of discrimination under Title VII and the Elliott-Larsen Act, and that she should have had counsel appointed pursuant to Title VII to represent her at the district court hearing. As grounds for her Title VII and Elliott-Larsen Act claims, Leon alleges on appeal that

she was discharged on the basis of race and national origin.

■ This court has stated that district courts should examine three factors in considering applications for appointment of counsel under Title VII: (1) the plaintiff's financial resources; (2) the plaintiff's efforts to obtain counsel; and (3) whether the plaintiff's claim has any merit. *Henry v. Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir.) (en banc), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985). A district court's disposition of a motion for appointment of counsel is reviewed only for abuse of discretion. *Id.* In the instant case, we find it necessary to only consider the third factor—whether Leon's complaint has any merit—and, finding that most aspects of it does not, while one aspect may or may not depending on further inquiry, we conclude that the district court did not abuse its discretion in denying appointment of counsel. We further conclude that the district court properly dismissed all but one of Leon's claims for failure to state a claim.

A complaint may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In reviewing an appeal from a dismissal for failure to state a claim, we examine the complaint in the light most favorable to the plaintiff and assume all material allegations to be true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062 (6th Cir.1984). However, the allegations must be more than mere conclusions, or they will not be sufficient to state a civil rights claim. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir.1971).

In the present case, Leon did not state the legal grounds for her complaint in the complaint, but her claims were treated as being brought under the Civil Rights Act of 1870, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-

Larsen Act, Mich.Comp.Laws Ann. §§ 37.-2101 *et seq.* We will address separately whether Leon's claims under each of these provisions have any merit.

■■■ First, the district court found that Leon had not stated a claim under 42 U.S.C. § 1981. It is well-settled that § 1981 redresses only racial discrimination, *see Runyon v. McCrary,* 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *White v. Washington Public Power Supply System,* 692 F.2d 1286, 1290 (9th Cir. 1982); *Winston v. Lear-Siegler, Inc.,* 558 F.2d 1266, 1268 (6th Cir.1977), although the Supreme Court recently held that the racial discrimination prohibited by § 1981 includes intentional discrimination based solely on "ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji,* — U.S. —, —, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987). However, at no time before the district court did Leon raise any allegations of discrimination on the basis of race. She did not allege racial discrimination in her complaint and did not assert racial discrimination as a ground for relief before the district court at the oral hearing, despite the court's repeated inquiries into the basis of Leon's action. Even in her EEOC complaints, Leon alleged only that she was discriminated against on the basis of national origin, and discrimination based "solely on the place or nation of [a plaintiff's] origin" is not actionable under § 1981. *Al-Khazraji,* — U.S. at —, 107 S.Ct. at 2028; *see also id.* (Brennan, J., concurring). It is only on appeal that Leon has contended that she was discriminated against in her employment on the basis of race. This Circuit has repeatedly stated that it generally will not consider allegations or arguments not raised below. *See Sigmon Fuel Co. v. Tennessee Valley Authority,* 754 F.2d 162, 164–65 (6th Cir.1985). Leon therefore cannot cure the deficiency of her claim under § 1981 by raising now for the first time allegations of racial discrimination. Accordingly, we affirm the district court's finding that Leon has not stated a claim under § 1981.

■■■ We also agree with the district court that Leon has not stated a claim under 42 U.S.C. § 1983. Two elements are essential to a claim under § 1983—the conduct complained of must be committed under color of state law and the conduct must have deprived the claimant of a right, privilege or immunity protected by the United States Constitution or statutes. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). In the present case, Leon did not allege, and indeed there is no evidence of, state action. Actions by a Federal Reserve Bank are governed by and are taken pursuant to the Federal Reserve Act of 1913, 12 U.S.C. § 221 *et seq.* Thus, the Reserve Bank's conduct in the instant case was taken under color of federal, and not state, law. Under these circumstances, no action under § 1983 can be sustained. *See Broadway v. Block,* 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of an action under § 1983).

■■■ Leon's claim was also examined under Michigan's Elliott-Larsen Act. That Act creates certain rights in employment under state law in Michigan. For example, an employer is prohibited from discriminating against an individual with respect to employment on account of race, color, national origin, religion, age, sex, weight, height, or marital status. Mich.Comp. Laws Ann. § 37.2202(1)(a). However, inasmuch as Leon was an employee of a Federal Reserve Bank, her rights under the Elliott-Larsen Act were preempted by federal law. Section 4, Fifth, of the Federal Reserve Act, 12 U.S.C. § 341, Fifth, specifically provides that employees of a Federal Reserve Bank may be dismissed "at pleasure." This provision preempts any state-created employment right to the contrary.

Although a claim of discrimination based on national origin could not have been brought under the Elliott-Larsen Act, Leon could have brought her claim under Title VII of the Civil Rights Act of 1964. The district court found that Leon's claim under Title VII was untimely, however, and therefore insufficient to state a claim. It was "apparent" to the district court that Leon knew in May of 1983 that the EEOC had

dismissed her case, since she requested reconsideration just five days after the EEOC issued the right to sue letter. Despite this knowledge, Leon waited over two years to file her Title VII claim in federal court, thus rendering her complaint untimely in the view of the district court.

The EEOC dismissed Leon's discrimination charge on April 29, 1983 and issued at that time notices of dismissal and of Leon's right to sue within ninety days under Title VII. Leon claims that she was not informed of the dismissal and did not receive her right to sue notice. It is irrelevant, however, for the purposes of this appeal whether or not Leon actually received the notices of dismissal and right to sue, since Leon contends that she requested the EEOC to reconsider her case on May 3, 1983. If she did, she comes under the purview of this court's decision in *Donaldson v. Tennessee Valley Authority*, 759 F.2d 535, 538 (6th Cir.1985), where we held that when a federal employee requests reconsideration of an EEOC decision, the EEOC's decision on that request represents the final action by the agency, from which appeal must be timely taken.

■ Accordingly, the question of whether Leon's Title VII action was timely depends on when, if ever, the EEOC acted on Leon's request for reconsideration, assuming she properly made such a request. Unfortunately, since the EEOC destroyed all of the records pertaining to Leon's case on January 16, 1985, we are unable to verify on the record alone whether Leon in fact filed a motion for reconsideration with the EEOC on May 3, 1983, or whether, assuming she did move to reconsider, the EEOC ever took action on the motion. As shown by *Donaldson*, the EEOC's disposition of a timely motion for reconsideration represents the EEOC's final action in a case, and is therefore crucial to bringing a Title VII claim. Because we lack this crucial information in this case, we cannot determine whether Leon's Title VII claim was timely filed. All we can conclude is that the district court's basis for finding Leon's claim untimely (i.e., that she received the initial right to sue notice but failed to bring her

federal action within 90 days), was improper in light of Leon's allegation that she requested reconsideration, thereby requiring further action. Thus, we find it necessary to reverse the district court's dismissal of Leon's Title VII claim and remand only that aspect of Leon's case for consideration of whether Leon filed a motion for reconsideration and when, if ever, the EEOC acted on that motion. Consideration of these questions will aid in determining whether Leon's Title VII claim was properly filed.

On remand, the district court may also wish to consider whether laches bars Leon's Title VII claim. While this court has not expressly determined whether laches can be asserted as a defense to a Title VII action brought by a private plaintiff, *see Ruiz v. Shelby County Sheriff's Dept.*, 725 F.2d 388, 393 (6th Cir.), *cert. denied*, 469 U.S. 1016, 105 S.Ct. 428, 83 L.Ed.2d 355 (1984), it has been held that laches indeed applies to Title VII cases. *See, e.g., Waddell v. Small Tube Products, Inc.*, 799 F.2d 69, 74 (3d Cir.1986); *Jeffries v. Chicago Transit Authority*, 770 F.2d 676, 679–80 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986); *Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958–60 (9th Cir.1979).

In summary, the only potentially cognizable claim Leon had was under Title VII, and it is unclear whether she properly brought that claim. Although we find it necessary to remand Leon's Title VII claim for further consideration, it is still quite possible that the claim is meritless. Consequently, since none of Leon's other claims have merit, we conclude that the district court did not abuse its discretion in denying Leon's request for counsel. We only hold that the district court dismissed Leon's Title VII claim on improper grounds. All other aspects of Leon's complaint were properly dismissed for failure to state claims. Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.