

sion only be ignoring these significant aspects of this Court's decision in *Booth*.

I am mindful of the established presumption that judges are able to distinguish between relevant and irrelevant evidence. There is every indication in this case, however, that the three-judge panel failed to make any such distinction. The panel's written opinion explicitly notes that it "considered" the presentence report submitted to it, which contained the victim impact statement, and that it "heard" the statement of the victim's son. App. to Pet. for Cert. 39, 40. At no point either at the hearing or in its opinion did the panel demonstrate any awareness that such evidence was inadmissible under state law or prohibited by the Federal Constitution. More important, the presumption that judges know and apply the rules of evidence should not be converted into license to conclude that judges are inhuman, incapable of being moved by passion as well as by reason. It would be unrealistic and unwise to presume that no judge could be moved, in both heart and deed, by the anguish and rage expressed by a murder victim's family. The potentially inflammatory effect of such evidence convinced this Court in *Booth* that its admission endangered the reasoned decisionmaking required in capital cases. In the instant case, in which the evidence took the form of personal testimony as well as third-person, written description, there is no reason to denigrate that danger simply because the recipients of the evidence wore judicial robes.

The Ohio Supreme Court's decision in this case threatens to undermine both the holding and the reasoning of this Court's decision in *Booth*. The Court should grant certiorari in order to preserve the integrity of its recent pronouncement. I dissent.

No. 85–673. HARTIGAN, ATTORNEY GENERAL OF THE STATE OF ILLINOIS, ET AL. *v.* ZBARAZ ET AL., *ante*, p. 171;

No. 86–1415. MARINO ET AL. *v.* ORTIZ ET AL.; and COSTELLO ET AL. *v.* NEW YORK CITY POLICE DEPARTMENT ET AL., *ante*, p. 301;

No. 86–7032. WASHINGTON *v.* DEPARTMENT OF THE ARMY, *ante*, p. 985;

No. 87–115. OLAVARRIETA *v.* UNITED STATES ET AL., *ante*, p. 851;

No. 87–131. SIERRA CLUB *v.* SHELL OIL CO. ET AL., *ante,* p. 985;

No. 87–302. AQUARIAN FOUNDATION ET AL. *v.* LAW OFFICES OF EDWARDS & BARBIERI, *ante,* p. 892;

No. 87–409. BUDINSKY, TDBA COLPAT MINE *v.* PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL RESOURCES ET AL., *ante,* p. 926;

No. 87–531. ASAM *v.* LEE COUNTY DISTRICT SCHOOL BOARD ET AL., *ante,* p. 951;

No. 87–674. MIHALEK CORP. ET AL. *v.* MICHIGAN ET AL., *ante,* p. 986;

No. 87–685. CITY OF PAGEDALE, MISSOURI *v.* HARRIS ET AL., *ante,* p. 986;

No. 87–5197. ATAMIAN *v.* RUBIN ET AL., *ante,* p. 864;

No. 87–5477. ANA LEON T. *v.* FEDERAL RESERVE BANK OF CHICAGO ET AL., *ante,* p. 945;

No. 87–5708. BENOIT *v.* CITY POLICE DEPARTMENT OF CROWLEY, LOUISIANA, ET AL., *ante,* p. 988;

No. 87–5724. MARTIN *v.* PEREZOUS ET AL., *ante,* p. 1013;

No. 87–5841. HENRY *v.* ZIMMERMAN, SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AND DIAGNOSTIC AND CLASSIFICATION CENTER AT GRATERFORD, ET AL., *ante,* p. 1016; and

No. 87–5903. MOYA-GOMEZ *v.* WISCONSIN, *ante,* p. 999. Petitions for rehearing denied. JUSTICE KENNEDY took no part in the consideration or decision of these petitions.