CAP'N HOOK AUTO PARTS, INC., et al., Plaintiffs,

v.

BOARD OF TOWNSHIP TRUSTEES, LIVERPOOL TOWNSHIP, Defendants.

No. C89–0520.

United States District Court, N.D. Ohio.

Aug. 23, 1991.

---

Ronald R. Stanley, Medina, Ohio, for plaintiffs.

Tom McDonald, Arter & Hadden, Cleveland, Ohio, John Porter, Asst. Pros. Atty., Medina, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, Chief Judge.

Before the Court are plaintiffs' motion for leave to file an amended complaint and defendants' motion for summary judgment. For the reasons which follow, plaintiffs' motion is denied, and defendants' motion for summary judgment is granted.

## BACKGROUND

Plaintiffs Paul Simpson and Dennis Bailey operated an automobile parts business, Cap'n Hook Auto Parts, Inc. ("Cap'n Hook"), within Liverpool Township from May of 1986 until January of 1989. Defendants, the Liverpool Township Board of Trustees ("Trustees") granted plaintiffs a permit to operate this business on March 20, 1987.

Cap'n Hook operated in violation of the Zoning Resolution of Liverpool Township from at least June 1987 until January 1989. That Resolution states in pertinent part: "Junk motor vehicles or unlicensed motor vehicles which are parked on any lot for more than 15 days shall be stored within an enclosed building with permanently attached walls." Zoning Resolution of Liverpool Township § 209(A). Due to this continuing violation, former Zoning Inspector of Liverpool Township, Steve Jeziorski ("Jeziorski"), sent a written notice of violation to Paul Simpson and informed him that Cap'n Hook would be fined one hundred dollars ($100.00) per day for every day after January 3, 1989 that it was not in compliance with the Zoning Ordinance. In order to avoid these fines, plaintiffs closed the business.

Plaintiffs brought this suit alleging inverse condemnation for the "taking" of their land, and discrimination in violation of the equal protection clause. Plaintiffs claim that the Zoning Ordinance which was enforced against them was not enforced against others similarly situated. Both of these claims are brought under 42 U.S.C. § 1983, which states:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## DISCUSSION

A. Plaintiffs' Motion to Amend

Federal Rule of Civil Procedure 15(a) permits amendment of pleadings after

a responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although a court should freely permit amendment, it need not do so without limitation.

Leave to amend may be denied where the complaint, as amended, could not withstand a motion to dismiss. *Neighborhood Development Corp. v. Advisory Council,* 632 F.2d 21, 23 (6th Cir.1980). A complaint may be dismissed for failure to state a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Additionally, a civil rights plaintiff must at least state facts supporting his or her claim(s); merely making conclusory allegations of law will not suffice. *Leon v. Federal Reserve Bank of Chicago,* 823 F.2d 928, 930 (6th Cir.1987), *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987), *reh'g denied* 484 U.S. 1083, 108 S.Ct. 1066, 98 L.Ed.2d 1028 (1988). .

It is clear from this Court's review of the record, that the basis of this action is the Trustees' alleged discriminatory enforcement of the Zoning Ordinance against plaintiffs. However, they have set forth no facts, by affidavit or otherwise, which suggest that they availed themselves of any administrative remedies. No mention is made, either in plaintiffs' original or proposed amended complaint, of facts which might indicate discrimination based on race or class identification. Rather, plaintiffs claim that they were unable to comply with the Zoning Ordinance because Trustees and Jeziorski gave them conflicting instructions. As discussed below, plaintiffs' claims of inverse condemnation and discrimination are not cognizable under § 1983 as a matter of law. Therefore, the proposed amended complaint would be futile. Plaintiffs' motion for leave to amend is accordingly denied.

## B. Defendants' Motion for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989), the Sixth Circuit Court of Appeals reviewed three recent Supreme Court decisions addressing summary judgment practice, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); referring to those rulings as establishing a "new era" of "dramatic change" in that area of practice, one in which summary judgment is to be viewed with "more favorable regard." The Court summarized those rulings as standing for a number of new principles in summary judgment practice, among them, that the court has no duty to search the record to determine the existence of genuine issues of material fact. Additionally, and perhaps even more significant, the "new era" allows a trial court more discretion in weighing the evidence offered by the non-moving party, considered in light of the whole record, to determine whether that party's evidence does "more than simply show that there is some metaphysical doubt as to the material facts" or whether it demonstrates that the non-moving party's claims are "implausible." *J.C. Bradford & Co.,* at 1479–1480 (Footnotes and citations omitted).

Plaintiffs' first claim is for inverse condemnation, brought under the fifth amendment and 42 U.S.C. § 1983. Plaintiffs argue that by enforcing the zoning regulation against them and not against others,

**74**

the trustees effected a taking of their property because they were forced to shut down. Although there were ample administrative remedies available to plaintiffs, they chose not to take advantage of them. These remedies included an appeal to the Zoning Board regarding the notice of violation, an application for a zoning variance, and a petition for an amendment of the Zoning Resolution. (Affidavit of Donald M. Strauss, pp. 5–7). "Thus, the plaintiffs have a state remedy to address the alleged damage to their property; and a suit under 42 U.S.C. § 1983 is inappropriate until a final decision of the state in an inverse condemnation action is entered against the plaintiffs." *Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir.1989).

■ Due to the fact that plaintiffs have not availed themselves of state provided remedies, their claim is not ripe for adjudication at this time. Although exhaustion of state remedies is generally not a prerequisite to a § 1983 claim, *Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), exhaustion is required for an inverse condemnation claim brought under § 1983. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985). In the instant case, it is clear that the state has provided adequate procedures. Therefore, plaintiffs' failure to take advantage of those procedures necessarily defeats their inverse condemnation claim.

■ Plaintiffs' second claim is for denial of equal protection, brought under the fourteenth amendment and 42 U.S.C. § 1983. Plaintiffs claim that they were denied equal protection of the law because they were treated differently than others similarly situated. Allegations were made by plaintiffs that the zoning ordinance in question was enforced against them, but not against others, even once complaints

were made by plaintiffs regarding other nonconforming businesses or individuals. Plaintiffs at no time, however, alleged that they were discriminated against on the basis of race or any other identifiable class. This is fatal to their claim. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer District*, 922 F.2d 332 (6th Cir.1990) (quoting *Johnson v. Morel*, 876 F.2d 477 (5th Cir.1989) (*en banc*)); *accord, Washington v. Davis*, 426 U.S. 229, 247–48, 96 S.Ct. 2040, 2051, 48 L.Ed.2d 597 (1976).

Immaterial factual disputes will not preclude summary judgment; "the requirement is that there be no *genuine* issue of *material fact.*" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). Only outcome determinative issues of fact are material. *Id.* at 248, 106 S.Ct. at 2510. In determining whether any genuine issue of material fact exists, this Court must accept the allegations of the party opposing summary judgment as true. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Even so doing, this Court finds no cognizable claim in plaintiffs' complaint or proposed amended complaint.

The Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), requires that the party opposing summary judgment come forward with evidence of a genuine issue for trial once the movant has demonstrated the absence of any such issue. In responding to the Trustees' motion for summary judgment, plaintiffs have not directed the Court's attention to any fact(s) which would support a § 1983 claim.

Defendants, therefore, are entitled to summary judgment.

IT IS SO ORDERED.