**Barbara WILLING, Plaintiff,**

v.

**LAKE ORION COMMUNITY SCHOOLS BOARD OF TRUSTEES, Oakland County Board of Canvassers, Lynn Allen, Leanne Bartley, Oakland County Prosecutor's Office, Building for a Better Education, Jill Bastian, and Larry Gruber, Jointly and Severally, Defendants.**

**Civil Action No. 95–40356.**

United States District Court,
E.D. Michigan,
Southern Division.

May 6, 1996.

Cheryl T. Bell, Thrun, Maatsch & Nordberg, P.C., Lansing, MI, Patrick J. Berardo, Lansing, MI, for Larry Gruber.

Barbara Willing, Lake Orion, MI, pro se.

Thomas P. Vincent, Christina L. Corl, Plunkett & Cooney, Detroit, MI, for Oakland County.

### ORDER GRANTING DEFENDANTS' MO-TION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

GADOLA, District Judge.

Presently before this court are several motions relating to the plaintiff's September 26, 1995 complaint:

(1) defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), for the plaintiff's failure to obtain and serve a summons upon these defendants until January 25, 1996, one day after the 120 day period permitted under Rule 4(m).

(2) defendants' motion to dismiss pursuant to Rule 12(b)(6).

(3) defendants' (Oakland County Board of Canvassers, Oakland County Prosecutor's Office and Lynn Allen) motion for summary judgment pursuant to Rule 56.

(4) plaintiff's motion to amend complaint pursuant to Rule 15(a).

The factual background relevant to the determination of these motions is as follows. The plaintiff, Barbara Willing, acting in pro per, filed an action against the above named defendants, purportedly on behalf of all "registered voters of the Lake Orion Community Schools Election District," on September 26, 1995. (Complaint ¶ 1). It is difficult to ascertain from the complaint, but Willing appears to allege certain technical violations and/or "improprieties" occurring in two school elections in Lake Orion on September 26, 1994 and June 12, 1995, as well as two recounts occurring on October 13, 1994 and July 12, 1995. (Complaint ¶ 9). The first election was a bond election conducted by defendant Lake Orion Community Schools, and the second was a school board election also conducted by the Lake Orion Community Schools, in which Willing was a candidate.

Willing asserts that she brought these alleged violations of Michigan election law to the attention of officials in Oakland County, including the Oakland County Prosecutor's Office, the Oakland County Board of Canvassers, and Lynn Allen, the Oakland County Clerk. The Prosecutor's Office conducted an investigation of these allegations, pursuant to MCL § 168.940. That investigation uncovered some technical violations of Michigan election law, but the Prosecutor's Office declined to pursue criminal charges because it found: (1) that the criminal intent necessary to successfully prosecute under the election statute was lacking, and (2) that the technical violations had no impact on the final outcome of the elections.

Willing has brought this action, asserting federal question jurisdiction based upon violations of the Equal Protection Clause of the Constitution, Title 18 §§ 241 and 371, and 42 U.S.C. § 1985(2). Willing also alleges violations of the Fifteenth Amendment and the "Federal Right to Vote Act" (i.e. the Voting Rights Acts of 1964 and 1965, 42 U.S.C. §§ 1971 and 1973i(a)) against defendant Larry Gruber, the director of elections for the Lake Orion School District. In her complaint, Willing also asserts a myriad of state law claims, including violations of: (1) Michigan Election Laws, MCL § 168.733, (2) Article 2, § 4 of the Michigan Constitution, and (3) the Michigan Open Meetings Act, MCL § 15.261, as well as intentional infliction of emotional distress, slander and libel and failure to prosecute under MCL § 168.940. This court notes that many of these state law claims are not obvious from the face of the complaint. It was only through the motions and briefs submitted by the defendants that this court was able to make any sense out of Willing's complaint at all.

In response to the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, Willing has moved to amend her complaint pursuant to Rule 15(a). Willing has conceded that the claims under 18 U.S.C. §§ 241 and 371 are not viable and has moved to "remove" them from the complaint. She also asserts that her claims under 42 U.S.C. § 1985(2) "may be properly handled" under 42 U.S.C. § 1983 and § 1986. Because the plaintiff has failed to comply with Local Rule 15.1, which requires any party who moves to amend a pleading to "attach the proposed amended pleading to the motion," it will be necessary for this court to address each of the theories articulated in Willing's complaint and motion to amend in order to determine whether this

court should grant Willing leave to amend her September 26, 1995 complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given where justice so requires." In determining whether "justice so requires" this court to grant a motion for leave to amend, this court enjoys broad discretion. *Hayden v. Ford Motor Company,* 497 F.2d 1292, 1294 (6th Cir.1974). Although Rule 15(a) articulates a fairly liberal standard for amendment, it does not require this court to indulge futile amendments. *De-Loach v. Woodley,* 405 F.2d 496, 496–97 (6th Cir.1968); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). If a proposed amendment would not withstand a motion to dismiss, leave to amend should be denied. *Keweenaw Bay Indian Community v. State of Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993). Given the generality of Willing's motion to amend, which also contains her response to the defendants' motions to dismiss, this court will evaluate seriatim the viability of each of the claims asserted by Willing in her September 26, 1995 complaint and her "proposed" amendments to that complaint under the standard of review for a 12(b)(6) motion.

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). In applying this standard, the court must presume all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id.* The court need not, however, accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 629 (9th Cir.1981); *Mitchell v. Ar-*

*chibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry,* 233 F.2d 220, 223 (6th Cir.1956). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

Upon review of the submissions and the applicable authorities, this court has concluded that dismissal of Willing's complaint under Rule 12(b)(6) is warranted because that complaint fails to state any cognizable claims against any of the defendants. Willing's claim under 18 U.S.C. § 241 should be dismissed, because the law is clear that § 241 does not provide a basis for a civil liability. *Watson v. Devlin,* 167 F.Supp. 638, 640 (E.D.Mich.1958), *aff'd* 268 F.2d 211 (6th Cir. 1959); *Agnew v. Compton,* 239 F.2d 226, 230 (9th Cir.1956), *cert den.* 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957). Entitled "Conspiracy Against Rights," section 241 provides for criminal penalties for conspiracies "to injure, oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution of laws of the United States." It does not authorize a civil suit for damages.

Similarly, Willing's claim under 18 U.S.C. § 371, which provides criminal penalties for conspiracies "to commit any offense against the United States," must be dismissed because this statute does not create a civil cause of action. *Rapoport v. Republic of Mexico,* 619 F.Supp. 1476, 1480 (D.C.D.C. 1985); *Fiorino v. Turner,* 476 F.Supp. 962, 963 (D.Mass.1979); *Milburn v. Blackfrica Promotions, Inc.,* 392 F.Supp. 434, 435 (S.D.N.Y.1974); *Bryant v. Donnell,* 239 F.Supp. 681, 685 (W.D.Tenn.1965). It also has nothing to do with this case.

Willing's claims under 42 U.S.C. § 1985 are also improper. Section 1985(2) creates a cause of action for damages against any individuals who conspire: (a) "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court," or (b) "for the

purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with the intent to deny any citizen the equal protection of the laws." The first part of § 1985(2) relates to conspiracies to interfere with the administration of justice in the federal courts, and is clearly inapplicable to this case. *Was v. Young,* 796 F.Supp. 1041, 1053 (E.D.Mich.1992); *Rhodes v. Mabus,* 676 F.Supp. 755, 760 (S.D.Miss.1987). The second part of § 1985(2) prohibits interference with the judicial enforcement of rights in state courts and requires proof of a conspiracy to deny equal protection motivated by racial or class-based invidiously discriminatory animus. *Kush v. Rutledge,* 460 U.S. 719, 722–24, 103 S.Ct. 1483, 1485–87, 75 L.Ed.2d 413 (1983). Section 1985(2) was not designed to provide any relief to this plaintiff. Even if section 1985(2) applied to this situation, Willing would have failed to make a sufficient allegation of conspiracy to support such an action. *Leon v. Federal Reserve Bank of Chicago,* 823 F.2d 928, 930 (6th Cir.1987); *Pillette v. Detroit Police Dept.,* 661 F.Supp. 1145, 1148 (E.D.Mich.1987); *Porter v. Bainbridge,* 405 F.Supp. 83, 91 (D.Ind.1975) (holding that an allegation of individual acts of several defendants taken collectively to allegedly violate rights does not support an action under § 1985(2)); *Moss v. Perkins,* 682 F.Supp. 395, 396 (N.D.Ill.1988) (concluding that, in the absence of specific evidence of conspiratorial agreement, the fact that defendants are associated in some manner cannot be used to prove existence of a conspiracy). Willing's section 1985(2) claim must be dismissed.

■ To the extent that Willing intended to bring her § 1985 action under paragraph (3) of that statute, her action would also fail, as claims under § 1985(3) require proof that the defendants' conduct was motivated by racial or class-based discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971); *Azar v. Conley,* 456 F.2d 1382, 1386 (6th Cir.1972). It is clear that Willing has no viable action under section 1985(2) or (3).

■ Similarly, Willing cannot maintain an action under 42 U.S.C. § 1986, because that provision only provides a cause of action for damages against any person who neglects to prevent the conspiracies described in section 1985. The existence of a conspiracy actionable under § 1985, therefore, is an indispensable prerequisite to a section 1986 claim. *Selep v. City of Chicago,* 842 F.Supp. 1068, 1071 (N.D.Ill.1993); *Mahoney v. NOW,* 681 F.Supp. 129, 135 (D.Conn.1987); *Wagar v. Hasenkrug,* 486 F.Supp. 47, 51 (D.Mont. 1980). Accordingly, dismissal of a § 1985 conspiracy claim ipso facto requires dismissal of a § 1986 claim. To the extent that Willing's motion to amend suggests that such a claim is warranted or forthcoming, it must be denied because such an amendment would be futile. *Keweenaw Bay Indian Community,* 11 F.3d at 1348.

■ Willing's Fifteenth Amendment claim against Larry Gruber is not discussed in her motion to amend. Review of the authorities demonstrates that this claim should be dismissed. The Fifteenth Amendment provides that "the right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." It is clear from the language and from the authorities interpreting the Fifteenth Amendment, that proof of a racially discriminatory motivation is a necessary ingredient of a Fifteenth Amendment violation. *Mobile v. Bolden,* 446 U.S. 55, 62, 100 S.Ct. 1490, 1497, 64 L.Ed.2d 47 (1980); *Lucas v. Townsend,* 967 F.2d 549, 551 (11th Cir.1992); *Irby v. Virginia State Board of Elections,* 889 F.2d 1352, 1356 (4th Cir.1989); *Chisom v. Edwards,* 839 F.2d 1056, 1064–65 (5th Cir.1988). Willing has made no allegations of any discriminatory purpose as required to state a claim for relief under the Fifteenth Amendment.

■ Willing's Fourteenth Amendment equal protection claims are similarly suspect. To successfully state a claim that the defendants' administration of state election laws deprived her of equal protection of the laws, Willing must prove that she was treated differently than similarly situated individuals based upon invidious, class-based discrimination. *Nordlinger v. Hahn,* 505 U.S. 1, 9–10,

112 S.Ct. 2326, 2331, 120 L.Ed.2d. 1, 12 (1992); *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265–66, 97 S.Ct. 555, 563–64, 50 L.Ed.2d 450 (1977). Specifically, Willing must show that the challenged law or conduct either classifies persons in terms of their ability to exercise a fundamental right or establishes a classification based upon race, national origin, alienage, illegitimacy, or gender. Willing has simply failed to adduce any facts to that effect. Indeed, not only has Willing failed to identify the existence of an invidious class, she has admitted that every registered voter in the Lake Orion Community School District was treated the same. Her complaint is purportedly brought on behalf of all "registered voters of the Lake Orion Community Schools Election District." (Complaint ¶ 1). Willing's equal protection claims must be dismissed.

 Willing's claims against Larry Gruber under the federal Voting Rights Acts of 1964 and 1965, 42 U.S.C. §§ 1971 and 1973i are also not discussed in her motion to amend. Upon review of the language of § 1971 and the case law interpreting it, this court finds that section 1971 does not afford Willing a private right of action. *Good v. Roy,* 459 F.Supp. 403, 405 (D.Kan.1978) (refusing to imply a private right of action). Section 1971 is intended to prevent racial discrimination at the polls and is enforceable by the Attorney General, not by private citizens. 42 U.S.C. § 1971(c). Accordingly, Willing cannot state a claim against Larry Gruber under section 1971. Even if this court implied a private right of action, dismissal would be appropriate because the portion of section 1971 upon which Willing relies does not apply to the school board elections at issue in her complaint. Willing alleges that Gruber interfered with the elections and recounts by "intimidating, harassing and humiliating" the plaintiff(s). Section 1971(b) proscribes intimidation, threats and coercion in elections for "the office of the President, Vice President, presidential elector, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate." By its unambiguous terms, section 1971 does not grant Willing a claim against Larry Gruber.

 Similarly, Willing's claims against Larry Gruber fail to state a claim under 42 U.S.C. § 1973i. Section 1973i(a) prohibits any person acting under color of state law from failing or refusing "to permit any person to vote who is entitled to vote under any provision of this Act or is otherwise qualified to vote," or from "willfully refus[ing] to tabulate, count, and report such person's vote." Section 1973i(b) prohibits individuals acting under color of state law, or otherwise, from intimidating, threatening or coercing any individual for voting or attempting to vote. These sections are enforcement provisions of the Voting Rights Act's comprehensive scheme to eliminate racial discrimination in the conduct of public elections. *Powell v. Power,* 436 F.2d 84, 86–87 (2d Cir.1970) (declining an opportunity to convert the Voting Rights Act into "a general mandate in which Federal courts may correct election deficiencies of any sort."). Absent a claim of any racial or other intentional invidious discrimination, the Voting Rights Act does not provide Willing a remedy. *Id.* at 87. Willing's federal Voting Rights Act claims should be dismissed.

 The only remaining claim that Willing proposes to assert in her motion to amend her complaint is a claim under 42 U.S.C. § 1983. Willing has not specified which federal constitutional or statutory provisions, other than the ones previously discussed, form the basis of her proposed section 1983 claim. Willing states only that her allegations "may be properly handled" under section 1983. To state a prima facie claim under section 1983, a plaintiff must establish that she was deprived of a right secured by the Constitution or by federal law and that she was subjected to this deprivation by a person acting under color of state authority. *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994). This court notes that section

1983 is not itself a source of substantive rights, but is rather a method for vindicating federal rights elsewhere conferred by those parts of the Constitution and federal statutes it describes. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Accordingly, any amendment to Willing's complaint asserting a claim under § 1983 based upon any of the federal rights previously considered in this discussion, would clearly be futile. Willing's motion to amend her complaint to assert a claim under section 1983 must be denied.

As the preceding discussion indicates, Willing has failed to assert federal claims upon which relief can be granted. Because there are no federal claims pending before this court, there is no basis for jurisdiction over the myriad of state law theories asserted in Willing's complaint. Willing's state law claims must be dismissed, as this court lacks the requisite jurisdiction over their subject matter. *See* 28 U.S.C. §§ 1331, 1332, 1367; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Because this court has determined that dismissal of Willing's complaint is warranted under Rule 12(b)(6), this court need not address the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) for failure to timely serve. This court expresses no opinion about the merits of that motion and will deny it as moot.

#### ORDER

Therefore, it is hereby **ORDERED** that the defendants' motion to dismiss the plaintiff's September 26, 1995 complaint is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend her September 26, 1995 complaint pursuant to Federal Rule of Civil Procedure 15(a) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that all of the federal claims asserted in the plaintiff's September 26, 1995 complaint are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted.

**IT IS FURTHER ORDERED** that all of the state law claims asserted in the plaintiff's September 26, 1995 complaint are **DISMISSED** without prejudice, as this court lacks jurisdiction over their subject matter.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the plaintiff's September 26, 1995 complaint for failure to timely serve pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) is **DENIED** as moot.

**SO ORDERED.**