**Constance KRAJICEK, Plaintiff,**

v.

**K.M. JUSTIN, James P. Sheehy, Robert Templin and David Breck, Defendants.**

No. Civ.A. 97–40489.

United States District Court, E.D. Michigan, Southern Division.

Jan. 27, 1998.

Constance E. Krajicek, Lake Orion, MI, pro se.

Steven M. Potter, Potter, Carniak, Auburn Hills, MI, defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GADOLA, District Judge.

On or about December 4, 1997, plaintiff Constance Krajicek, *in pro per*, filed the instant action against defendants K.M. Justin, a state district court magistrate, James P. Sheehy, a state district court judge, and Robert Templin and David Breck, state circuit court judges. On December 23, 1997, defendants filed a motion to dismiss asserting that absolute immunity bars all plaintiff's claims. For the following reasons, defendants' motion will be granted.

### Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, the court must accept as true all factual allegations contained in the complaint, and must construe such allegations in a light most favorable to the plaintiff. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). Motions to dismiss are disfavored and must be denied "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. Guzinski v. Hasselbach*, 920 F.Supp. 762, 764 (E.D.Mich.1996).

### Absolute Immunity

■ A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). This immunity extends to officials performing discretionary acts of a judicial nature, including magistrates as well as state judges sued on federal constitutional claims. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *King v. Myers*, 973 F.2d 354, 356 (4th Cir.1992); *Hill v. City of New York*, 45 F.3d 653, 660 (2nd Cir.1995) (citing *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir.1988)). "[A]bsolute immunity is essential to safeguarding the integrity of the judicial process [and] it extends to those performing functions closely associated with that process." *Hill*, 45 F.3d at 660 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)).

■ Immunity is not lost when a judge's action is in error or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 *reh'g. denied*, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Bradley v. Fisher*, 13 Wall. 335, 351, 80 U.S. 335, 20 L.Ed. 646 (1872). Rather, immunity will be lost in only two circumstances: (1) when the judge acts in a non-judicial capacity and (2) when the judge acts in complete absence of all jurisdiction. *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir.), *cert. denied*, 513 U.S. 870, 115 S.Ct. 193, 130 L.Ed.2d 126 (1994).

### Defendants Are Entitled to Judicial Immunity

Plaintiff's 116 paragraph complaint contains seven counts: four against defendant Sheehy and one against each of the remaining three defendants. Defendants argue that their alleged actions which give rise to plaintiff's claims are "paradigmatic judicial acts" (i.e., acts normally performed by a judge acting in his or her judicial capacity) which they had jurisdiction to take and for which they are absolutely immune. Mindful that plaintiff is proceeding pro se, this court finds that the allegations pled in plaintiff's complaint do not give rise to viable claims against the defendants since defendants are judicially immune.

■ Plaintiff's allegations against defendant Justin are found at Count I of the Complaint. They include and concern his issuance of an arrest warrant and his incarceration of plaintiff in the same holding cell where plaintiff was allegedly assaulted by sheriff's deputies during a prior incarceration. Plaintiff claims that these actions amounted to a violation of her Fourth Amendment rights as well as an obstruction of justice and a violation of defendant's oath of office.

This court finds that the alleged actions taken by defendant Justin in issuing the warrant and incarcerating plaintiff are of the type traditionally performed by judges. Furthermore, defendant Justin had jurisdiction to take such actions. Michigan Com-

piled Laws Annotated 600.8511 states in part:

A district court magistrate shall have the following jurisdiction and duties:

(b) To issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney, except written authorization shall not be required for a vehicle law or ordinance violation within the jurisdiction of the magistrate if a police officer issued a traffic citation pursuant to section 728 of the Michigan Vehicle Code, Act No. 300 of the Public Acts of 1949, as amended, being section 257.728 of the Michigan Compiled Laws, and the defendant failed to appear.

(c) To fix bail and accept bond in all cases.

Since all of the alleged actions of defendant Justin which give rise to plaintiff's claims were "judicial acts" and since defendant Justin was not without jurisdiction to take them, defendant Justin is "robed" with judicial immunity for them. Plaintiff's claims against defendant Justin must be dismissed.

■ The allegations against defendant Templin are that: (1) he did not consider the "written presentation" of the plaintiff and only permitted plaintiff to speak at a hearing on October 29, 1997 concerning an appeal from a district court ruling and (2) he denied said appeal and upheld a ruling of Judge Sheehy. *See* Count IV. Plaintiff claims that these alleged acts of defendant Templin constitute a violation of: (1) defendant's oath of office, (2) plaintiff's rights guaranteed him by the Constitution of the United States of America, and particularly Article VI and the Fourth and Sixth Amendments, (3) plaintiff's rights under the Michigan Vehicle Code, (4) 42 U.S.C. §§ 1983 and 1985, and (5) 18 U.S.C. §§ 241 [1] and 242.

All the aforementioned alleged acts of defendant Templin are undeniably *"judicial* acts." Moreover, defendant Templin did not take these alleged actions in the "clear absence of all jurisdiction." Michigan Compiled Laws Annotated § 600.8342(1) allows circuit judges for the county in which the

judgment is rendered to hear appeals from the district court. Plaintiff's claims against defendant Templin must be dismissed since defendant Templin is entitled to immunity for them.

The allegations against defendant Breck are that defendant Breck was assigned plaintiff's appeal from the district court and that in handling that appeal he: (1) failed to consider plaintiff's written presentation and considered only the prosecutor's verbal presentation even though the prosecutor had not responded in writing, and (2) denied plaintiff's appeal. *See* Count VI. Plaintiff alleges that such actions violated (1) defendant's oath of office, (2) plaintiff's rights guaranteed him by the Constitution of the United States of America, and particularly Article VI and the Fourth and Sixth Amendments, (3) plaintiff's rights under the Michigan Vehicle Code, (4) 42 U.S.C. §§ 1983 and 1985, and (5) 18 U.S.C. §§ 241 and 242.

This court finds that all the alleged actions of defendant Breck which give rise to plaintiff's claims were judicial acts concerning matters over which defendant Breck properly had jurisdiction pursuant to M.C.L.A. § 600.8342(1). As such, defendant Breck is absolutely immune from all of plaintiff's claims against him.

■ The allegations against Judge Sheehy are contained at Counts II, III, V and VII of plaintiff's complaint. Specifically, Count II alleges that defendant did not allow plaintiff a jury trial on a matter pending before the court and did not adjourn a particular matter despite plaintiff's claim that she did not receive timely notice. Count III alleges that defendant Sheehy, during a hearing regarding a traffic citation, denied plaintiff's request for a jury trial, refused to order a witness to answer questions and improperly applied the Michigan Vehicle Code in finding her responsible for improper passing. Count V relates to defendant's alleged actions during the prosecution of the warrant issued by defendant Justin. With regard to this proceeding involving the plaintiff, defendant Sheehy allegedly: (1) denied plaintiff's motion for a bill of particulars, (2) denied plain-

---

**1.** Certainly, 18 U.S.C. § 241 does not provide a basis for civil liability as it is a criminal statute.

*Willing v. Lake Orion Community Schools Board of Trustees,* 924 F.Supp. 815 (E.D.Mich.1996).

tiff's motion to quash the arrest warrant, (3) denied plaintiff's motion for change of venue, (4) denied plaintiff's motion to strike the prosecutor's reply, (5) refused to hear plaintiff's motion for stipulations, (6) denied plaintiff's motion for a court appointed attorney, and (7) refused to dismiss the demand for reevaluation of plaintiff as a driver. Count VII pertains to defendant Sheehy's alleged mishandling of a criminal case after it was remanded by the Michigan Court of Appeals to the district court. Plaintiff alleges that defendant Sheehy should have refused to proceed with a new trial since there was a 209 day delay from the time the case was transferred from the Michigan Court of Appeals to the district court. Plaintiff alleges that all these actions were taken in contravention of Article IV, and the Sixth and Seventh Amendments of the Constitution of the United States of America, as well as defendant's oath of office, Michigan law, 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242.

In this court's opinion, defendant Sheehy is entitled to absolute immunity for all of the alleged actions comprising plaintiff's claims. The alleged actions are all "judicial" actions. Furthermore, at the time the actions were taken, defendant Sheehy was well within his statutory jurisdiction pursuant to M.C.L.A. §§ 600.8301 and 600.8302. Section 600.8301 grants district court judges exclusive jurisdiction in civil actions and over civil infraction actions and Section 600.8302 endows district court judges with equitable jurisdiction and other authority.

The gist of plaintiff's response in opposition to defendants' motion to dismiss is that defendants are not entitled to immunity because their actions were erroneous. The Supreme Court rejected a similar argument in *Mireles v. Waco*, 502 U.S. 9, 12–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) when it stated that "[i]f judicial immunity means anything at all, it means that a judge 'will not be deprived of immunity because the action he took was in error ... or was in excess of his authority.'" (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Accordingly, this court rejects plaintiff's argument here.

### ORDER

**IT IS HEREBY ORDERED** that defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED.**

**SO ORDERED.**

### JUDGMENT

This action came before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly reviewed and a decision having been duly rendered.

**IT IS ORDERED AND ADJUDGED** that judgment be entered for the defendants, that plaintiff take nothing and that the action be dismissed.

It is further **ORDERED** that the clerk serve a copy of the judgment by United States mail on the counsel for plaintiff and on counsel for defendants.